UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Warlin Francisco Mendez Polanco

      v.                                                          Civil No. 1:26-cv-472-SE-TSM

Superintendent, Strafford County
Department Of Corrections;
Director, Boston Field Office,
United States Immigration
And Customs Enforcement; et al.


O R D E R

Warlin Francisco Mendez Polanco filed a petition for a writ of habeas corpus on June 7, 2026, contesting his detention and requesting, inter alia, a bond hearing. Doc. no. 1. The court thereafter ordered the respondents to show cause on or before June 15, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). Doc. no. 2.

The respondents filed their response to the petition on June 14, 2026, wherein they maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by reference the legal arguments made on behalf of the respondents in certain prior cases, and object to the court granting relief to the petitioner. Doc. no. 5. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning

as set forth in that case. The response states that the petitioner is not a member of the <u>Guerrero Orellana</u> class.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. <u>See</u> <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 41 (1st Cir. 2021). Because the reasoning in <u>Destino</u> applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.  The respondents shall file a status report within seven days, on or before June 25, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

June 18, 2026

cc:    Counsel of record.

2